919 F.2d 734
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Edward FORRESTER, Jr., Trevoir Dion Forrester, Terry
Anthony Freeman, Plaintiffs-Appellants,
v.
PRINCE GEORGE'S COUNTY, MARYLAND, a body corporate and
politic, M.H. Estepp, Individually and Fire Chief of Prince
George's County, Maryland, Ward Caddington, Individually and
Special Operations Deputy, Office of the Fire Chief of
Prince George's County, Maryland, Defendants-Appellees.
 No. 89-3328.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1990.
Decided Dec. 10, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-88-844-HAR)
 Gregory LeeAndrew Thomas, Law Office of Gregory L.A. Thomas, Chartered, Washington, D.C., for appellants.
 Sean Daniel Wallace, County Attorney's Office, Upper Marlboro, Md. (Argued), for appellees; Michael P. Whalen, County Attorney, Michael O. Connaughton, Deputy County Attorney, J. Michael Dougherty, Jr., Associate County Attorney, Steven E. Schenker, Associate County Attorney, Upper Marlboro, Md., on brief.
 D.Md.
 AFFIRMED.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants in this case are three black volunteer firemen who were among a group of eight firemen dismissed from the Hillside Voluntary Fire Company in Prince George's County, Maryland, because they had criminal backgrounds. Six of the firemen, three blacks and three whites, appealed their dismissals. The three whites were reinstated and the three blacks were not. The appellants allege that they were discharged because of their race in violation of 42 U.S.C. Sec. 1981, were denied due process in violation of 42 U.S.C. Sec. 1983, and were defamed in the process. Because appellants' complaint of discriminatory discharge does not state a cognizable claim under Sec. 1981, because appellants were accorded due process by Prince George's County, and because they failed to show actual malice on the part of the fire chief, we affirm the district court's dismissal of their claims.
 
 I.
 
 2
 Section 11-341(d) of the Prince George's County Code provides that active volunteer firemen must undergo a police records check. Prince George's County Fire Chief M.H. Estepp implemented this provision through a policy statement dated April 3, 1986, that prohibited people who had been arrested for certain listed crimes from participating in the Prince George's County fire service. Because many volunteer firemen had never undergone background investigations, Chief Estepp ordered checks on all members of the Hillside Volunteer Fire Department. This investigation showed that eight volunteers, four blacks and four whites, had disqualifying criminal backgrounds. Chief Estepp, who had no knowledge of the individuals' races, sent letters to each of the eight on July 29, 1986, informing them that they were being dismissed and instructing them to contact Lieutenant Colonel Ward Caddington, the Special Operations manager who conducted the investigations, if they had any questions.
 
 
 3
 Six men, the three black plaintiffs and three of the white volunteers, appealed their dismissals. The plaintiffs were represented by counsel during the appeals process. In October 1986, the three whites were reinstated and the three blacks were dismissed. According to Chief Estepp and Lt. Col. Caddington, this decision was based on factors such as the dates of the offenses, the seriousness of the offenses, and the statements made during the appeals process. The plaintiffs allege that the criteria were arbitrary and unfairly applied to discriminate against them because of their race.
 
 
 4
 Plaintiffs filed suit in March 1988 against Prince George's County, Chief Estepp, and Lt. Col. Caddington, alleging multiple violations. In February 1989 they voluntarily dismissed most of these claims, but continued to pursue the charges of slander, violation of 42 U.S.C. Sec. 1981, and violation of 42 U.S.C. Sec. 1983. In June 1989, the district court granted defendants' motion to dismiss on the grounds that plaintiffs had failed to establish a prima facie case under Sec. 1981, that they had been accorded due process under Sec. 1983, and that plaintiffs had failed to show the falsity of the only alleged slanderous statement not barred by the statute of limitations. Plaintiffs now appeal.
 
 II.
 
 5
 Plaintiffs sought declaratory and injunctive relief against all defendants, and damages against the county, under 42 U.S.C. Sec. 1981 for discriminatory discharge. The district court dismissed this claim on the grounds that plaintiffs had failed to establish a prima facie case of discrimination. We affirm on the ground that the precedent in this circuit forecloses pursuit of a discriminatory discharge claim under Sec. 1981. In Williams v. First Union Nat'l Bank, this circuit held that discriminatory discharge claims were not actionable under 42 U.S.C. Sec. 1981 and affirmed the district court's dismissal of such a claim on a Fed.R.Civ.P. 12(b)(6) motion. Williams v. First Union Nat'l Bank, --- F.2d ----, No. 90-2074 (4th Cir. Dec. 6, 1990), slip op. at 5. We find no basis for departing from this precedent and similarly affirm the district court's dismissal of appellants' claim.
 
 III.
 
 6
 Appellants also claim that they were denied procedural due process under 42 U.S.C. Sec. 1983.[1] We find this argument to be unpersuasive. Even assuming that appellants have some sort of property interest in their volunteer positions, we hold that they were accorded due process.
 
 
 7
 When Chief Estepp sent out dismissal letters to the eight volunteer firemen, he instructed them to contact Lt. Col. Caddington with questions. After approaching Caddington, appellants were granted an appeal hearing in which they were represented by counsel, a former Maryland district court judge. Appellees had no duty to conduct predismissal hearings, see Harrison v. United States Postal Service, 840 F.2d 1149 (4th Cir.1988), and the postdismissal hearing certainly afforded appellants notice and the opportunity to be heard in opposition to their dismissals. Id. at 1154. Appellants were not deprived of their livelihoods, there is no indication that, given the evidence of acts of arson, theft, and drug distribution, additional procedural safeguards would have produced a different outcome, and, finally, the government has an obvious interest in ensuring the integrity of its employees who are charged with protecting the public. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976). The County provided all the process that was due the appellants.
 
 IV.
 
 8
 Appellants' final claims revolve around three alleged instances of defamation: (1) July 1986 in the dismissal letters they received from Chief Estepp; (2) September 29, 1986, by Lt. Col. Caddington in a conversation with the President of the Hillside Volunteer Fire Department; and (3) around March 1987 by Chief Estepp in a conversation with a Prince George's County Council Member.
 
 
 9
 The district court properly dismissed these claims. The first two claims could not be brought because the statute of limitations had run. Plaintiffs filed their complaint March 23, 1988, well after the one-year filing period provided by statute had expired. See Md.Cts. & Jud.Proc.Code Ann. Sec. 5-105 (1989). The last incident involved an alleged statement made by one public official to another public official in the course of discharging their official duties, in this case an inquiry conducted at the request of the appellants. Because "a communication is conditionally privileged when the circumstances induce a reasonable belief that the recipient is one to whom the publisher is under a legal duty to publish the defamatory matter or is a person to whom its publication is otherwise within the general standards of decent conduct," Hanrahan v. Kelly, 305 A.2d 151, 157 (Md.1973), Chief Estepp's statement, even assuming it was defamatory, was privileged unless appellants could show actual malice. Stevenson v. Baltimore Baseball Club, Inc., 243 A.2d 533, 536 (Md.1968). Appellants did not make such a showing and the district court properly dismissed the claim.
 
 V.
 
 10
 For the above reasons, the district court's dismissal of the appellants' claims is
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 To the extent that appellants would shift their discriminatory discharge claim to Sec. 1983, they would be unsuccessful on the merits. Appellants clearly were not similarly situated to the three whites who were reinstated following their appeals. Appellant Terry Freeman had been involved in an arson and breaking and entering, Charles Forrester had been arrested for possession of marijuana with intent to distribute, and Trevoir Forrester had been arrested for breaking and entering and theft. In comparison to these serious offenses, one white fireman had been involved in a fist fight, one had been charged with shoplifting an item valued at less than five dollars, and the last had been charged with grand larceny more than ten years prior to the investigation. The department was justified in recognizing differences between these sorts of offenses and appellants can point to no other evidence of discrimination. In fact, under Chief Estepp, the percentage of minority firemen has increased from two percent to nearly thirty percent. Appellants produced no evidence showing that the department's explanation was mere pretext. See Grigsby v. Reynolds Metals Co., 821 F.2d 590, 595 (11th Cir.1987); Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577 (1978)